## ANSEL HEMENWAY *vs.* WILLIAM O. BASSETT.

A purchaser of land gave a note, secured by mortgage thereof, for the purchase money, and entered into possession of the land; and afterwards, by agreement of parties, the note, before payment of any part of it, was given up to be cancelled, and the land was released to the mortgagee. *Held,* that this was no bar to an action of trover by the mortgagee against a purchaser from the mortgagor, with notice, of property attached to the realty.

An agreement in writing, by which a mortgagee agrees to deliver up the mortgage note to be cancelled, upon the doing of certain things by the mortgagor, " which settles all accounts with said mortgagor," may be shown by parol evidence to have been intended as a settlement of all claims for property taken from the premises by the mortgagee.

ACTION OF TORT for breaking and entering the plaintiff's close in Hawley, and tearing down and converting to the defendant's own use a sugar house and cistern, and other timber, and manure, attached to the realty.

At the trial in the court of common pleas at November term 1858, before *Briggs,* J., the plaintiff offered evidence tending to show that on the 21st of January 1857 he conveyed said close to Dexter White, and received back from him a note of $1,900, and a mortgage of the same premises, to secure the unpaid purchase money; that White went into possession on the 1st of April following, and continued in occupation until the 24th of April 1858, when, nothing having been paid upon the note, the plaintiff gave up the note to be cancelled, and resumed possession under the following agreement, signed by White, and indorsed on the mortgage: " I hereby give possession of the within described premises to Ansel Hemenway for the purpose of foreclosing the within mortgage; and also, for my heirs and executors, do relinquish my right to redeem the same;" and at the same time, and as part of the same transaction, the plaintiff gave White this writing: " The undersigned hereby agrees to deliver to Dexter White, of Hawley, a note signed by said Dexter White, of the amount of nineteen hundred dollars, dated Plainfield, January 21st 1857; provided that said White shall vacate the premises I sold said White, and also deliver to me a lease that he gave of said premises to C. S Longley, with a

discharge of the same. I further agree that I will deliver the same upon demand made by White at the house of Chillingsworth F. Crosby, in Charlemont. Which settles all accounts with said White.                    Ansel Hemenway."

The plaintiff also offered evidence tending to show that before White gave up possession of the premises, and before breach of condition of the mortgage, White, without the knowledge or consent of the plaintiff, and for the purpose, as the defendant knew, of getting as much as he could off the place, for his own personal gain, transferred and delivered to the defendant the property alleged to have been converted by him.

The defendant offered to show that, at the settlement on the 24th of April 1858, the claims sought to be enforced in this action were urged by the plaintiff, and he was distinctly told that no settlement would be made which did not include these claims ; that the plaintiff had no book accounts against White, nor any claims excepting these and one small note, which note White desired should also be given up, and was told by the plaintiff that if he gave up the other claims, he ought not to be called upon to give up that small note ; and this was assented to by White, and the agreement received by him with the distinct understanding that it was in settlement of all claims but the small note. The plaintiff objected to this evidence, upon the ground that the writing was conclusive as to what claims were excluded in the settlement ; " and, for the purposes of the trial, the court so ruled, and excluded the parol evidence offered." To this ruling the defendant excepted.

The defendant then contended that as it appeared from the plaintiff's case, that the note which the mortgage was given to secure had, subsequently to the acts complained of, been given up by the plaintiff to be cancelled, and had been cancelled accordingly, this action could not be maintained. " The court, for the purposes of the trial, ruled accordingly ; " a verdict was taken for the defendant, and the plaintiff excepted to this ruling.

*C. Delano & S. T. Field*, for the plaintiff, cited, in support of the plaintiff's exceptions, *Rice* v. *Rice*, 4 Pick. 349 ; *West* v. *Chamberlin*, 8 Pick. 336 ; *Davis* v. *Maynard*, 9 Mass. 242 ;

*Perkins* v. *Pitts*, 11 Mass. 125 ; *Smith* v. *Johns*, 3 Gray, 517 ; *Baldwin* v. *Norton*, 2 Conn. 161 ; *Loud* v. *Lane*, 8 Met. 519 ; *Gibson* v. *Crehore*, 3 Pick. 475 ; *Thayer* v. *Mann*, 19 Pick. 535 ; *Pomroy* v. *Rice*, 16 Pick. 22 ; Judge Trowbridge's Reading, 8 Mass. 554 ; *Parsons* v. *Welles*, 17 Mass. 419 ; *Howe* v. *Lewis*, 14 Pick. 329 ; *Sherman* v. *Abbot*, 18 Pick. 448 ; *Howard* v. *Howard*, 3 Met. 548 ; *Farrar* v. *Farrar*, 4 N. H. 191 ; 1 Greenl. Ev. § 265 ; 2 Bl. Com. 177 ; and against the defendant's exceptions, *Stackpole* v. *Arnold*, 11 Mass. 27 ; *Brown* v. *Saltonstall*, 3 Met. 426 ; *West Boylston Manuf. Co.* v. *Searle*, 15 Pick. 225 ; *Whitwell* v. *Willard*, 1 Met. 216 ; *Maryland & New York Coal & Iron Co.* v. *Wingert*, 8 Gill, 170 ; 1 Greenl. Ev. §§ 275, 277, 295.

*G. T. Davis & W. Griswold*, for the defendant, cited, against the plaintiff's exceptions, *Southerin* v. *Mendum*, 5 N. H. 429 ; *Smith* v. *Moore*, 11 N. H. 61 ; *Glass* v. *Ellison*, 9 N. H. 72 ; *Sanders* v. *Reed*, 12 N. H. 561 ; *Eaton* v. *Whiting*, 3 Pick. 484 ; *Wade* v. *Howard*, 11 Pick. 289 ; *Maynard* v. *Hunt*, 5 Pick. 240 ; 4 Kent Com. (6th ed.) 160, 161 ; *Abbott* v. *Upton*, 19 Pick. 434 ; *Holman* v. *Bailey*, 3 Met. 57 ; *Spring* v. *Gray*, 5 Mason, 527 ; and in support of the defendant's exceptions, *Baker* v. *Briggs*, 8 Pick. 122 ; *Wade* v. *Howard*, 11 Pick. 289 ; *Gerrish* v. *Washburn*, 9 Pick. 338 ; *Badger* v. *Jones*, 12 Pick. 371 ; *Brooks* v. *White*, 2 Met. 283 ; *Clapp* v. *Tirrell*, 20 Pick. 247 ; *Wilkinson* v. *Scott*, 17 Mass. 249 ; *Kendall* v. *Bates*, 35 Maine, 358.

DEWEY, J. 1. The ruling of the court of common pleas, that the note having been given up by the plaintiff to the defendant to be cancelled, under the circumstances stated, the action therefore could not be maintained, was erroneous. The inquiry was open whether this was a payment of the note, or a mere release of the defendant from personal liability on the note, independent of the lien on the land. If the debt was not in fact paid, and the land was still to be charged with the same by the arrangement of the parties to this settlement, the mere giving up of the note would not discharge the mortgage.

2. The further ruling of the court, excluding the proposed evidence to show that the alleged conversion and the various trespasses set forth as the ground of the present action were all

adjusted and settled by the parties at the time of the giving up of the note, and as a part of that transaction, was also erroneous; such evidence, in the opinion of this court, being competent, and not excluded by the written paper given by the plaintiff and executed on the 24th of April 1858.

*Exceptions of both parties sustained*